IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **VIGILANT INSURANCE COMPANY**<br>15 Mountain View Road<br>Warren, New Jersey 07061 | : <br> : <br> : <br> : | CIVIL ACTION NO. |
| Plaintiff<br>v. | : <br> : <br> : <br> : | |
| **HYNES & WALLER, INCORPORATED**<br>16000 Trade Zone Avenue<br>Upper Marlboro, Maryland 20772 | : <br> : <br> : <br> : | **JURY TRIAL DEMANDED** |
| Defendant | : | |

## COMPLAINT

Plaintiff, Vigilant Insurance Company, by and through its undersigned counsel, complaining of defendants, hereby avers, upon information and belief, as follows:

## PARTIES

1. Plaintiff, Vigilant Insurance Company (hereinafter "Vigilant"), is a corporation duly organized and existing under the laws of the State of New York with a principal place of business located at 15 Mountain View Road, Warren, New Jersey, which at all times relevant hereto, was engaged in the insurance business and was duly authorized and licensed to issue insurance policies in the State of Maryland.

2. Defendant, Hynes & Waller Incorporated (hereinafter "Hynes"), is a corporation organized and existing under the laws of the District of Columbia, with its principal place of business located at 16000 Trade Zone Avenue, Upper Marlboro, MD, which at all times relevant hereto, was engaged in the business of selling, installing and maintain commercial laundry, dry cleaning and pressing machines.

## JURISDICTION AND VENUE

3. Jurisdiction is based on 28 U.S.C. § 1332(a)(1) as this action involves a controversy between citizens of different states and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

4. Venue is proper in this District based on 28 U.S.C. § 1391(b) as the Defendant is incorporated in the District of Columbia and therefore resides within the District of Columbia.

## GENERAL ALLEGATIONS

5. Plaintiff incorporates by reference the preceding averments, as though fully set forth herein.

6. At all relevant times, Trinity Health Corporation (hereinafter "Trinity") owned the real and certain personal property located at Holy Cross Hospital (Forest Glen) 1500 Forest Glen Road, Silver Spring, MD (hereinafter "the property").

7. At all times material hereto, Plaintiff Vigilant insured Trinity's interests in the property pursuant to Policy No. 000035767843.

8. Prior to July 14, 2011, Defendant Hynes was hired by Trinity Health Corporation to install a new laundry press and ventilation system in the laundry facility in the basement at the property.

9. Prior to July 14, 2011, Defendant Hynes subcontracted with Terry Anthony Rodney individually and d/b/a Terryo's Laundry Equipment Rigging & Installation and Terryo's Laundry Equipment Inc. (hereinafter "Terryo's") to perform the actual installation of the new laundry press and ventilation system in the laundry facility in the basement at the property.

10. Defendant Hynes chose and selected Terryo's to perform the work.

11. On July 14, 2011 Defendant Terryo's, on behalf of Defendant Hynes, utilized a grinder to cut a hole for the ventilation system.

12. On July 14, 2011, Defendant Terryo's work at the property, which was performed on behalf of Defendant Hynes, created heat and/or other sources of ignition that ignited lint and/or other combustible materials around the duct work and caused a fire.

13. As a result of the fire, Trinity sustained severe and extensive damage to its property.

14. Pursuant to the terms and conditions of the policy of insurance, Plaintiff Vigilant has and will make payments to Trinity, in an amount in excess of Seventy-Five Thousand Dollars ($75,000), representing the fair and reasonable value of and/or cost to repair the damages, as covered under the policy.

15. In accordance with the common law principles of equitable and/or legal subrogation and the terms of the insurance policy, Vigilant is subrogated to the rights of Trinity, to the extent of its payments.

## COUNT I – NEGLIGENCE
## VIGILANT INSURANCE COMPANY V. HYNES & WALLER, INCORPORATED

16. Plaintiff incorporates by reference the preceding averments, as though fully set forth herein at length.

17. The fire and resulting damages were caused by the negligence, gross negligence, carelessness and recklessness of Defendant Hynes, acting by and through its agents, servants and/or employees, acting within the course and scope of their employment, as follows:

    a) failing to exercise all reasonable and due care in overseeing the installation of the laundry press and ventilation system;

    b) failing to employ proper and adequate fire shields, blankets, or other safety devices;

    c) failing to employ a proper fire watch;

    d) failing to provide proper and adequate planning or precautions for the use of a grinder and/or the performance of hot work;

e) failing to properly and adequately supervise and inspect its work;

f) allowing it agents, servants and/or employees to improperly use a grinder or perform hot work in a manner that created a unreasonable risk of fire;

g) failing to employ agents, servants and/or employees with proper knowledge, training and experience;

h) failing to choose, retain and select agents, servants and/or employees with proper knowledge, training and experience;

i) failing to properly train, oversee and supervise its employees and agents;

j) failing to perform its work and services in a good and workmanlike manner and in accordance with all applicable grinding and fire codes and standards and industry custom and practice; and

k) otherwise failing to use due care as required under the circumstances.

18. As a direct and proximate result of defendant's negligence, gross negligence, carelessness, and recklessness, Trinity sustained severe and extensive.

WHEREFORE, Plaintiff Vigilant hereby demands judgment in its favor and against Defendant Hynes, in an amount in excess of Seventy-Five Thousand Dollars ($75,000), together with interest, costs and such other and further relief as this Court deems proper.

## COUNT II – BREACH OF WARRANTY

## VIGILANT INSURANCE COMPANY V. HYNES & WALLER, INCORPORATED

19. Plaintiff incorporates by reference the preceding averments as though fully set forth herein at length.

20. Prior to July 14, 2011, Hynes was contracted to install a new laundry press and ventilation system in the laundry facility in the basement at the property.

21. By undertaking to of the new laundry press and ventilation system in the laundry facility in the basement at the property, Defendant expressly and/or impliedly warranted that its work would be performed in a good, proper, safe and workmanlike manner.

22. Defendant breached its express and/or implied warranties by failing to perform its work in a good and workmanlike manner in compliance with all applicable rules, regulations, codes, industry standards, customs and practices and statutes and/or ordinances.

23. The aforementioned fire and resulting damages sustained by Trinity were directly and proximately caused by Defendant's breach of its express and/or implied warranties.

24. As a direct and proximate result of Defendant's breach of warranties, plaintiff's insured, Trinity, sustained severe and extensive damage to its property.

WHEREFORE, Plaintiff Vigilant hereby demands judgment in its favor and against Defendant Hynes, in an amount in excess of Seventy-Five Thousand Dollars ($75,000), together with interest, costs and such other and further relief as this Court deems proper.

COZEN O'CONNOR

Joseph F. Rich, Esquire
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2000
Facsimile: (215) 665-2013
jrich@cozen.com
D.C. Bar Identification No. 488687

ATTORNEYS FOR PLAINTIFF